B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Michigan

In re __Teresa Marie Blankenship__        Case No. _____

Debtor(s)        Chapter    __7__

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---|
    | For legal services, I have agreed to accept | $ | 1,000.00 |
    | Prior to the filing of this statement I have received | $ | 1,000.00 |
    | Balance Due | $ | 0.00 |

2.  The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  [Other provisions as needed]
    **See attached supplemental agreement.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Adversary proceedings, motions, objections, contested matters, amendments, reaffirmations, lien avoidances. See attached supplemental agreement.**

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

__January 8, 2018__
*Date*

Jeremy B. Shephard
*Signature of Attorney*
**Andersen, Ellis & Shephard**
**866 3 Mile NW**
**Suite B**
**Grand Rapids, MI 49544**
**616-784-1700  Fax: 616-784-5392**
**andersenefile@comcast.net**
*Name of law firm*

Date __January 8, 2018__      Signature _Teresa M Blankenship_

Teresa Marie Blankenship
Debtor

## Attorney-Client Agreement
## Duties of Debtor (Client)

1. The undersigned client or clients (debtor or debtors) and attorneys agree and disclose that for legal services client agrees to pay a minimum attorney fee as disclosed in the signed statement filed with the court which is a minimum fee, nonrefundable and not cancelable, plus filing fee, plus additional amounts as billed for services rendered at $275 per hour, $325 per hour for business cases, attorney's time, and $150 per hour for paralegal/legal assistant's time, plus costs. Time and expenses are computed from the beginning of first contact with attorney's office.

2. Legal services include: analysis of financial situation, advice and assistance to client in determining whether to file a petition under Title 11 United States Code; review of documents delivered to attorney by client, preparation of Bankruptcy Petition, Schedules, Statement of Affairs and all other accompanying documents, and appearance at one Section 341 Hearing (Meeting of Creditors). A staff attorney of the law firm *or an independent contracting attorney experienced in bankruptcy law not associated with the law firm* may appear at the Meeting of Creditors in the event of scheduling difficulties or extensive travel.

3. For additional services beyond paragraph 2 and for services exceeding those which have been paid for at the hourly rates, above, client agrees to pay such hourly rates for attorney time and paralegal/legal assistant time as stated above in paragraph 1 plus costs, in addition to the minimum fee that has been paid. Additional services to be paid for by client include, but are not limited to, motions, hearings, consultations, document scanning, copying, document review, production or preparation, amendments, additions to schedules, additional pleadings, correspondence, reaffirmations, redemptions, examinations under oath, contested matters including court appearances, filing responses or objections, negotiations with the trustee or other party, and all legal services beyond those specified in paragraph 2. Attorney does not agree to appear in adversary proceedings, examinations or motions without additional fees paid by client. Prior to deciding to file this case, if client had spent time with attorney for consultation, which included advice on options, review of documents and for exploring eligibility for various legal issues or rendering services, it is disclosed if applicable that before retaining attorney on this case _____ had been paid for past services.

4. Costs are to be reimbursed to attorneys and paid by client in addition to attorney fees including filing fees to the court, storage, copy and scanning costs, long distance phone calls, mail, fax charges, mileage, and all other out of pocket expenses incurred by attorney.

5. **No portion of attorney fees and costs that are paid or agreed to be paid will be cancelled or refunded**. All fees and costs paid or agreed to by client are for fully earned compensation to attorneys for services rendered and for the responsibility of undertaking representation of and availability to the client. Client understands that attorney's acceptance of undertaking representation of the client means that significant resources of the law firm will be committed to the case and that other work the attorneys would do will be set aside, delayed or turned down. All money paid or agreed to be paid by client is fully earned by the attorneys and no money is refunded nor may client cancel the agreement regarding payment of attorney fees and costs.

6. Debtor(s) shall retain all documents, records and file copies and agree(s) to pick up the attorney's file and all documents immediately upon closing of case, discharge or dismissal. Attorneys have no storage space for closed files or documents. Attorney may, but need not, obtain a credit report and include the debt information from the credit report on the schedules. Client is responsible to monitor creditor claims that may be filed with the court or trustee in this case.

7. The source of payments made and agreed to be paid in the future was and will be from earnings, wages and compensation for services performed, or property, except:

8. The undersigned has received no transfer, assignment or pledge of property of the debtor(s) except:

9.  The undersigned has not shared or agreed to share with any other entity other than members of undersigned's law firm any compensation paid or to be paid except as follows:

10. The undersigned client may (but need not) retain the attorney or a different firm or attorney for assistance in matters other than those services that have been paid for and agreed to in this agreement.

    a.  Client may retain services of specialists in other areas of legal expertise such as tax, divorce, contracts, property, debt collection, credit reporting, mortgages and finance, business, property appraisers, certified public accountants or other experts. Client understands that expertise in other areas such as these are not paid for or included in attorney's responsibilities.

    b.  Client understands that the schedules of assets require the client's honest statement of the value of all property and assets owned by the client. Attorney has no special expertise, other than as a bankruptcy lawyer, as to how to arrive at the correct current value of property and assets. Client may hire the services of an appraiser if the client is unsure of value or if the client has insufficient knowledge of the value of client's assets or property.

    c.  Client understands that research may be done into the status of any tax debts and tax consequences of filing bankruptcy, that without the time and expense of such research, the right to cancel or discharge certain tax debt may be lost or affected adversely by the timing of filing the bankruptcy case. Client may retain the services of a tax specialist, a business specialist, a certified public accountant, or other specialist to advise the client as to the tax consequences of bankruptcy at this time or the timing of filing bankruptcy as it relates to taxes. Client elects to proceed to file bankruptcy immediately even though tax debts may not be discharged or cancelled by filing bankruptcy at this time.

    d.  In the event a joint petition is filed by husband and wife, clients agree that there is no conflict of interest for this law firm to represent both clients at this time for the matters involved. Both clients agree that representing both at the same time will not adversely affect the relationship of the attorney with either client and that the clients' interests are not conflicting such as to adversely affect the individual interests in this case. Each client understands that he or she may consult with his or her own attorney (not in this law firm) regarding any matter that may involve a conflict between the clients, and each should do so if any interests of the clients are in conflict. In the event the law firm withdraws from or terminates representation due to conflict of interest between the clients, there will be no refund or reduction of attorney fees and costs.

    e.  In the event the client has not been a resident of Michigan for more than 2 years, the client is advised to retain the services of a qualified bankruptcy attorney who has knowledge of the exemption law of the state where the client resided prior to 2 years before the filing of this case. Attorneys are not qualified or knowledgeable nor are they licensed to practice in or concerning other state laws and rules for exempt property. Bankruptcy law only allows a debtor to keep exempt assets, and such exemptions are determined by the law where the debtor resided prior to 2 years before the petition is filed. The attorney fee paid for this case does not include the cost of retaining or consulting with any other lawyer or firm from this or any other state.

11. Additional services for which client has not yet paid attorney may also include assistance with reaffirmation agreements on debts client wishes to continue paying, preparation and filing of amendments to schedules, appearing at court hearings, examinations under oath, representing the client in adversary proceedings, motions or conversions.

12. Client anticipates that payment may be made to attorney if client wishes to reaffirm debts: $300 per reaffirmation agreement. Client anticipates __1__ reaffirmation agreement(s) may or might be desired for an additional attorney fee of $ _150.00_ disclosed in this case and to be paid by the client to the attorney at or prior to the time, if applicable, of signing the reaffirmation agreement(s).

13. Client understands that a reaffirmation agreement is a legally binding contract to continue paying on such a debt and, upon default, client may lose the collateral for the loan and be subject to suit and other remedies allowed by law. Client also understands that reaffirmation agreements should not be signed if there is any possibility of a hardship on the client or anyone dependent on the client. It is further understood that once signed, the agreement must be promptly filed with the Court. Typically the reaffirmation will be signed by the Client and Attorney and forwarded to the creditor for signing and filing with the Court. Client understands that a motion for court approval of the reaffirmation agreement may be filed and brought before the Bankruptcy Judge for a decision without the necessity of counsel. It is the client's duty to reaffirm the debt, if the client so chooses, within 30 days after the first date set for the meeting of creditors. Attorney may refuse to sign the reaffirmation agreement in which case it would be necessary for the judge to approve the agreement in order for it to be valid. If the circumstances are such that the debtor may not afford the payments required under the proposed reaffirmation agreement, the attorney may not sign the agreement and the judge may not likely approve it.

14. Signing a reaffirmation agreement is voluntary and not required, but once signed it is a legally binding contract. It may be revoked in writing within 60 days or up to the time of Discharge in Bankruptcy, whichever is later by writing a letter of revocation to the Court and to the creditor.

15. It is an option of the client to redeem collateral subject to a secured loan, such as a car loan, by paying the creditor the retail replacement value of the collateral. Replacement value is defined under 11 USC 506 as the price a retail merchant would charge for property of that kind considering its age and condition. For any such redemption procedure, client agrees to pay an additional attorney fee of $____ per redemption which is hereby disclosed in this proceeding. Different rules apply to cases converted to chapter 7 from 13.

16. Mortgages and liens on property are the typical kinds of debts which are to be paid by client so that the client can retain possession and ownership of a home, vehicle, or other type of property. In order for such property to be retained by the client, the mortgage or lien must be valid in bankruptcy and the fair market value of the property must not exceed what has been stated by the client in the schedules of assets. In order for a mortgage to be valid in bankruptcy, the mortgage must be recorded in the county register of deeds within 30 days of the execution of the mortgage or more than 90 days prior to filing bankruptcy. If the mortgage is not so properly recorded, or if the legal description is wrong, or if the signatures are not proper, or if there are other defects, the mortgage may be invalid and the property may be subject to sale by the court. Attorneys do not guarantee the validity of mortgages nor do they proof read real estate or mortgage documents. Liens on vehicles and mobile homes must be noted on title certificates. If not so noted a lien on a vehicle or mobile home may be declared invalid and the property sold by the bankruptcy court. It is therefore urged that the client review the recorded mortgages and title certificates on vehicles or mobile homes prior to filing to be sure that mortgages are correct and liens are valid and properly recorded. If the mortgages or liens were not correctly done, client understands that the liens may fail in bankruptcy court and the property or asset may be sold. Client assumes the risk that a lien may be declared invalid and that property or assets of the client may be sold by the bankruptcy court to pay client's debts.

17. It is the client's responsibility to supply all necessary information prior to filing the case. In the event that additional debts are added later or if any amendment to schedules is necessary, it is disclosed and client agrees to pay $200 per amendment as an additional attorney fee plus any applicable filing fees, mailing, copy and other expenses. The undersigned client states that all information supplied on the schedules of assets, debts, income and expenses is true and correct. Client understands that failure to disclose all information requested in the Schedules and Statement of Affairs may result in criminal and/or civil penalties. Client therefore agrees to review all documents at signing and to again review them before attending the First Meeting of Creditors which client will attend. Client agrees to update or amend all documents as needed to ensure completeness and correctness of all documents.

18. Client understands that certain debts may not be discharged (cancelled) by the bankruptcy and that assets of client may be sold by the court to pay debts. Assets also are taken if they are not disclosed or if the true values are not accurately stated on the Schedules. Client understands that most taxes, student and educational loans, criminal fines, debts incurred by fraud, intentional misconduct or wrongful acts, obligations to a condominium or homeowners association, money borrowed to pay taxes, and obligations under a divorce or support decree may not be discharged (cancelled) by filing bankruptcy. Usage of credit within 90 days prior to filing bankruptcy may give rise to a presumption of fraud. Property of the debtor remains subject to obligations owed for support, alimony and domestic obligations. Client also is advised that even though a debt may be discharged in bankruptcy, the client's bank or credit union deposits might be frozen or taken by that bank or credit union if it is owed money.

19. **Client agrees and is advised of the following: all information provided by client with a bankruptcy petition must be complete, accurate, and truthful. All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case. Replacement value of each asset defined in Title 11 United States Code Section 506 must be stated in those documents where requested after reasonable inquiry to establish such value. Current monthly income, the amounts specified in 11 U.S.C. 707(b)(2) are required to be stated after reasonable inquiry. Information provided during the case may be audited and failure to provide such information may result in dismissal of the case or other sanction including a criminal sanction. Credit counseling services are available which provide assistance to debtors without filing for bankruptcy by proposing debt management plans, which usually attempt to reduce interest rates, waive late fees and otherwise assist those with debt trouble. The client has decided that bankruptcy is needed in this case and that debt management plan is not feasible. A person who knowingly or fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under Title 11 (The Bankruptcy Code) shall be subject to a fine or imprisonment or both. All information supplied by a debtor in connection with a case under Title 11 is subject to examination by the attorney general. Client has never been advised by attorney to incur debts or dispose of assets.**

20. Client acknowledges receipt of: "IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER" and "NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER §342(b) OF THE BANKRUPTCY CODE."

21. Client understands that certain documents must be produced for filing with the court or trustee's office and that failure to produce all required documents will result in dismissal of the case or other sanction. In the event the client has not produced these documents at the time of signing the petition, client agrees to obtain and produce such documents within 3 business days.  Client understands that such documents must be produced and it is agreed that it is the CLIENT'S RESPONSIBILITY TO PRODUCE ALL THE REQUIRED DOCUMENTS so that the case may proceed under the appropriate chapter of the Bankruptcy Code. Client understands that the following documents must be produced by an individual debtor under the Bankruptcy Code, in other words, by the undersigned client:

   a. *Government issued Picture Identification and Social Security Card*
   b. *Income Information*
   c. *Tax Returns & W2 Forms*
   d. *Credit Counseling* (prior to filing) and *Debtors Education* (after filing)
   e. *All Creditors' Name, Address, Account Number & Amount Owing*. Client authorizes attorney to run a credit report and add any additional creditors found to the schedules. Client must furnish all addresses and account numbers that are supplied by creditors in written communications to the client in the past 90 days where the creditor gives an address and account number for correspondence.

TWB

    f.   *All other documents requested by the Trustee.* Debtor has received a list of documents typically requested by trustees (in addition to the above documents) and which must be furnished by the client and forwarded to the trustee prior to the meeting of creditors.

22. Client is advised of the following additional duties of a debtor filing bankruptcy:

    a.   To provide the trustee a copy or transcript of the last filed federal tax return and to provide a copy to any creditor requesting same, not later than 7 days before the first date set for the meeting of creditors.

    b.   If requested by the court, U.S. trustee, or any other party in interest, to file with the Bankruptcy Court a copy of the last Federal income tax return or a tax transcript, and all returns filed while the case is pending and any amendments for such returns, and to file such information with the Court at the same time as filed with the taxing authority. Any documents filed with the court should not have a full social security number, birth date or name of any minor child (this private information should be redacted or stricken out).

    c.   In the event that there is a pending foreclosure sale of client's property, client agrees that the case must be filed and client will communicate the case number to the foreclosing agency and potential bidders at the sale so all interested parties have notice of client's bankruptcy and that any potential buyer at sale has notice of client's bankruptcy (in the event client wishes to avoid the foreclosure and keep the property).

    d.   To remain current on the obligation to pay support, alimony or other obligation of a divorce decree, support order or domestic support obligation and to certify that the debtor has remained current and has performed all domestic support obligations from start to completion of the case.

    e.   To preserve and insure all assets and not sell or dispose of any assets without court permission.

23. Client agrees that there are inherent risks in filing for bankruptcy, including the fact that property may be liquidated (sold) by the court to pay debts in some cases. Client also understands that a new bankruptcy law is subject to different interpretations and that there are inherent risks in how the judges and courts will apply various provisions. Examples may include how to compute or calculate income, how and when to liquidate assets or property, what exemptions apply to protect the client's property, whether property may be sold or liquidated to satisfy domestic support obligations, whether the debtor qualifies for chapter 7 or chapter 13, to what extent another state's exemption law may apply to determine what property the client can keep, how payments to creditors or to chapter 13 trustees are determined, how long a case will be pending, how the client's good faith will be judged in filing a case, and how and to what extent the client's finances will be subject to audit and examination in detail.

24. Attorney agrees to assist and advise the client in case preparation, but the information in all schedules and Statement of Affairs has been supplied by the client, and has not been supplied by the attorney, except that attorney may run a credit report and add creditors not furnished by client.

Date: ___1 - 8 - 2018___

/S/ _Jason M Blankenship_    /S/ _____    /S/ _____
Client-Debtor                 Client-Debtor          Attorney

Andersen, Ellis & Shephard
866 3 Mile NW Ste B
Grand Rapids, MI 49544